IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEREMIAH MOORE, Sr.,** : | |
|    **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 21-CV-2880** |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
|    **Defendants.** : | |

## ORDER

AND NOW, this 28th day of June, 2022, upon consideration of Plaintiff Jeremiah Moore's Motion to Proceed *In Forma Pauperis* (ECF No. 10) and his *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

   a. The following claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B): (1) all claims for declaratory and prospective injunctive relief; (2) all claims against Defendants Montgomery County District Attorney Office, Montgomery County District Attorney Kevin R. Steele, Assistant District Attorneys Richard H. Bradbury, Jr., Scott Frank Frame, and Kathleen A. McLauguin, Judges Edward C. Kropp, Sr. and Greggory Scott, and Borough Hall Police Department, (3) all claims based on a violation of the Universal Declaration of Human Rights, (4) the due process claim based on the seizure of Moore's $580, and (5) the warrantless search incident to arrest claim.

      b.      Moore's claims against the Commonwealth of Pennsylvania, Magisterial District Court 38-1-12, and the Pennsylvania Board of Probation and Parole are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

      c.      All claims based on the revocation of Moore's parole are **DISMISSED WITHOUT PREJUDICE** as barred by the decision in *Heck v. Humphrey*.

      d.      Moore's false arrest, false detention, and conspiracy claims are **DISMISSED WITHOUT PREJUDICE**.

4.      The Clerk of Court is **DIRECTED** to terminate the Commonwealth of Pennsylvania, Magistrate District Court 38-1-12, Montgomery County District Attorney Office, Montgomery County District Attorney Kevin R. Steele, Assistant District Attorneys Richard H. Bradbury, Jr., Scott Frank Frame, and Kathleen A. McLauguin, Judges Edward C. Kropp, Sr. and Greggory Scott, Borough Hall Police Department, the Pennsylvania Board of Probation and Parole, Rebecca Shives, Michael K. Ward, Scott K. Woolf, Escaillas, and Donald as Defendants.

5.      Moore may file an amended complaint within thirty (30) days of the date of this Order to attempt to restate his false arrest, false detention, and conspiracy claims against Defendants Craig A. Johnson, Jamie O'Niell, and Mark Boyce. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Moore's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Moore should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Moore may **NOT** reassert (1) any claim that has already been dismissed with prejudice, (2) any claim barred by *Heck v. Humphrey*,

or (3) any claim against a Defendant that has already been terminated from this case.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6. The Clerk of Court is **DIRECTED** to send Moore a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Moore may use this form to file his amended complaint if he chooses to do so.[1]

7. If Moore does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8. If Moore fails to file any response to this Order, the Court will conclude that

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

Moore intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).